UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT LAMARR ALLEN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-04-2842 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Robert Lamarr Allen, a Texas state prison inmate, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID").  Respondent filed a motion for summary judgment.  (Docket Entry No. 4).  Allen has filed a response.  (Docket Entry No. 6).  Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment.  The reasons are set out below.

**I.  Background**

In support of his motion for summary judgment, respondent provides the following documents: TDCJ-CID computer records concerning Allen's conviction; an affidavit of Michelle Cameron with prison disciplinary records for Case Number 20040136815; an affidavit of Brian K. Clendennen with Allen's grievance records regarding the disciplinary hearing; and an affidavit of Shenane L. Boston regarding an audiotape

recording of the hearing in disciplinary case 20040136815.1

The record shows that on January 9, 2004, Allen was charged with disciplinary offenses, masturbating in his cell and refusing an order to stop. On January 15, prison officials at the Estelle Unit conducted a disciplinary hearing in disciplinary case 20040136815. The hearing officer found Allen guilty of sexual misconduct and failure to obey an order. (Docket Entry No. 5, Administrative Record from TDCJ, Attachment 2, p. 10). Allen's punishment consisted of a loss of commissary privileges for 30 days; cell restriction for 30 days; placement in solitary confinement for 15 days; a reduction in good-time earning status from Line 1 to Line 2; and a loss of 15 days good time credit.

Allen filed a Step One Grievance on January 20, 2004, which was denied on February 2, 2004. (Docket Entry No. 5, Administrative Record from TDCJ, Attachment 1, p. 1). Allen filed a Step Two Grievance on February 13, 2004, which was denied on March 3, 2004. (*Id.* at 3). On July 13, 2004, this court received Allen's federal petition. Allen contends that his disciplinary conviction is void because the charging officer knowingly falsified the offense report and offered false testimony at the disciplinary hearing. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7). Allen alleges that while he was sleeping, Officer Harris reached into his cell, snatched the sheets off, and woke him up. Allen and Officer Harris exchanged words. Allen filed a grievance complaining about the incident. Allen asserts that Officer Harris retaliated for filing the grievance by falsely charging Allen with a disciplinary violation. Allen alleges that Officer Harris falsely claimed that he had refused her orders to stop masturbating and that she gave inconsistent versions of the account in her offense report and testimony at the hearing.

The threshold issue is whether Allen has stated a basis for granting federal habeas relief.

## II. The Legal Standard

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. However, when the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms*, 459 U.S. 460 (1983).

In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

## III. Analysis

To the extent that Allen attempts to assert a claim of a denial of due process based

on cell restriction, solitary confinement, and the loss of commissary privileges, his claims are barred. The Supreme court has held that such sanctions do not require the procedural protections set out in *Wolff* and *Hewitt*. The punishments that Allen received are not the types of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484, 486 n.9. The punishment changed the conditions of Allen's confinement, but did not give rise to a due process claim. *Madison,* 104 F.3d at 767-68.

The law also forecloses any complaint that the reduction in his good time earning class status has delayed Allen's release on parole, creating a due process violation. Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison,* 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.*

The law is clear that Allen has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995); *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991); *Madison,* 104 F.3d at 768 (citing Tex. Code Crim. P. Ann. art. 42.18 § 8(a)).2 Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana,* 65 F.3d at 32). Any argument by Allen that he is entitled to be considered for release on parole at a particular time would fail.

The law also forecloses any claim that the change in good time earning status means that Allen has lost good time credits. Allen did not lose accrued or earned good

conduct time as a result of the reduction in good time earning status.  Rather, his ability to earn good time credits was curtailed.  Allen's diminished ability to earn good time credits, without more, does not create a constitutionally recognized claim.  *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996) ("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause").

Allen lost 15 days of good-time credits.  He cannot complain of any delay in his release to mandatory supervision, because he is not eligible for release to mandatory supervision.  (Docket Entry No. 4, Respondent's Motion for Summary Judgment, Ex. A, p. 1).  Allen is serving a life sentence for aggravated robbery.  He is ineligible for mandatory supervision according to the mandatory supervision statute in effect when he committed the underlying offense of aggravated robbery.  *See* Tex. Code Crim. Proc. Art 42.18 § 8(c)(11) (West 1991) (stating that "[a] prisoner may not be released to mandatory supervision . . . if the prisoner is serving a sentence for . . . a first degree felony under Section 29.03, Penal Code (Aggravated Robbery)").  Additionally, the Texas Court of Criminal Appeals has held that a life-sentenced inmate is not eligible for release to mandatory supervision.  *Ex parte Franks,* 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001), *Arnold v. Cockrell*, 306, F.3d 277, 278 (5th Cir. 2002).  Because he is ineligible for release to mandatory supervision, Allen has no protected liberty interest in the loss of his accrued good time.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Allen further claims that prison officials retaliated against him by pursuing these disciplinary charges.  Retaliation claims raised in habeas petitions challenging prison disciplinary hearings are approached with skepticism.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  As the Fifth Circuit has stated:

> To assure that prisoners do not inappropriately insulate
> themselves from disciplinary actions by drawing the shield

> of retaliation around them, trial courts must carefully scrutinize these claims. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident – such as the filing of disciplinary reports as in the case at bar – would not have occurred. This places a significant burden of the inmate. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge.

*Id*. at 1166. Allen makes only conclusory allegations that the accusing officer filed a disciplinary report against Allen in retaliation for Allen's filing of a grievance. These conclusory allegations do not create a fact issue as to any violation of Allen's constitutional rights. "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As the Supreme Court has explained:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Id.* at 455-56; *accord Sweeney v. Parke,* 113 F.3d 716, 720 (7th Cir. 1997); *Gibbs v. King,* 779 F.2d 1040, 1044 (5th Cir.), *cert. denied,* 476 U.S. 1117 (1986). If there are "some facts" or "any evidence at all" that supports the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs*, 779 F.2d at 1044; *Smith,* 659 F.2d at 545; *see also Black v. Warren*, 134 F.3d at 734 (5th Cir. 1998); *Sweeney*, 113 F.3d 732, 734 (5th Cir. 1998).

The summary judgment evidence shows that there was some evidence that supports the hearing officer's finding of guilt. Allen has not established that but for the accusing officer's retaliatory motive, he would not have been charged with sexual misconduct. Allen's claim of retaliation fails.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and prison records show that Allen's federal petition fails to state a ground for habeas relief.

Allen is not entitled to habeas relief on the claims he raises in this case.

## IV.     Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 4), is GRANTED. Allen's motion for summary judgment, (Docket Entry No. 6), is DENIED. Allen's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate

of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Allen's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Allen has not made the necessary showing for issuance.

SIGNED the 26th day of April, 2005.

_____
Lee H. Rosenthal
United States District Judge